**Alvln A. McFARLAND**

v.

**STATE.**

**No. 28257.**

Court of Criminal Appeals of Texas.

March 7, 1956.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

**PER CURIAM.**

The offense is sodomy; the punishment, two years in the penitentiary.

Accompanying the record is the affidavit of appellant requesting the dismissal of the appeal. The request is granted.

The appeal is dismissed.

Tom Howard, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles S. Potts, Asst. Dist. Atty., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

**MORRISON, Presiding Judge.**

The offense is driving while intoxicated; the punishment, ten days in jail and a fine of $200.

Officer Curtis testified that he investigated a collision and sent the appellant to the hospital in an ambulance, that he proceeded to the hospital and there saw a doctor take a sample of blood from the appellant's arm. When the State called Dr. Mason, the toxicologist, the appellant objected to his testimony as to the results of the blood test on the grounds that the State had failed to prove that the sample of blood was taken with the appellant's consent. The objection was overruled, and we have concluded that the trial court erred in so ruling. The appellant testified that he was unconscious when he arrived at the hospital, and there is nothing in the record to refute such testimony.

In Brown v. State, 156 Tex.Cr.R. 144, 240 S.W.2d 310, 311, we said:

"When so taken by competent and trained nurses, doctors or laboratory

**James Emmet TRAMMELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 27864.**

Court of Criminal Appeals of Texas.

Feb. 1, 1956.

